UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYZSA WILLIS,<br><br>                              Plaintiff,<br><br>v.<br><br>MICHAEL M. RODDY, Clerk of the San Diego Superior Court, et al.<br><br>                              Defendants. | Case No.: 16CV1008 BEN (JLB)<br><br>**ORDER DENYING EMERGENCY MOTION TO ENJOIN STATE COURT PROBATE PROCEEDINGS**<br><br>[Docket No. 3] |

On May 2, 2016, Plaintiff Myzsa Willis filed this action in federal court to stop a California probate court from proceeding with a matter before it. (Docket No. 1 ("Complaint").) Plaintiff alleges that the San Diego Superior Court has allowed a case to proceed ("probate proceedings"), including issuing orders allegedly adverse to Plaintiff's right to due process while lacking jurisdiction. (Compl. ¶¶ 1-2.) The probate proceedings were initiated by her allegedly incompetent grandmother to remove her as trustee of a family trust. Plaintiff is convinced that the probate court will decide the matter without a trial. Plaintiff now comes to federal court seeking an Emergency Motion to Enjoin State Court Probate Proceedings seeking to stop the probate proceedings in advance of a May 9, 2016 hearing on the issue of her permanent removal as trustee. (Docket No. 3.)

# BACKGROUND

Plaintiff alleges that her grandmother, Teresa McClain, was not competent to commence the probate proceedings to remove Plaintiff as trustee of the William R. McClain and Teresa M. McClain Revocable Trust ("the Trust").  The Court will not recite all of the details of the probate proceedings or related actions in state court, including the conservatorship action, but notes the following for purposes of considering the request for a preliminary injunction.[1]

Plaintiff asserts that by the Fall of 2014, McClain was unable to care for herself and could not manage her affairs.  Plaintiff relies on declarations from friends and family that observed her decline as well as physician diagnoses of dementia.  As examples of her decline, Plaintiff notes records indicating that McClain inaccurately believed one of her daughters was dead and did not recognize her sister at times.  Approximately a week before the probate proceeding were commenced, purportedly by McClain, she was relocated to Indiana by a neighbor.  The record reflects that there is a disagreement about whether McClain was taken without her consent or knowingly moved to live with her sister to get away from family in San Diego.  There are allegations she attempted to escape her residence in Indiana.  This prompted a medical evaluation that indicated she had severe dementia due to Alzheimer's.  It appears from the documents filed that she has been living in nursing homes most of the time she had been in Indiana and there are ongoing proceedings in state court concerning appointment of a conservator.

Plaintiff asserts that when Attorney James Stoffel filed the probate proceedings for McClain on August 18, 2015, she was not competent to make that decision or even to employ his services.  Plaintiff alleges that the same is true of every filing submitted to the court since.  This is the basis for Plaintiff's claim that the probate court lacks jurisdiction.  At this point, Plaintiff has been removed as trustee in the probate proceedings and a

---

[1] Plaintiff filed more than 700 pages of exhibits in support of her Motion.

temporary private trustee is now appointed. It appears the removal was not permanent and that issue remains before the probate court. This action was prompted when the probate court issued a minute entry that Plaintiff interpreted to mean the court would be ruling on the permanent removal without a trial. That hearing is set for May 9, 2016. Plaintiff frames her claims as one brought under 42 U.S.C. § 1983 and asks this Court to enjoin those proceedings. Because it is not a plausible § 1983 claim, this Court is barred from enjoining the state probate court, and the Court would decline to interfere with the ordinary matters of a state probate proceedings in any event.

## DISCUSSION

### I.    Anti-Injunction Act

"The Anti-Injunction Act bars federal courts from enjoining ongoing state court proceedings except in specific and narrow circumstances." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 878-79 (9th Cir. 2000) (citing *Empire Blue Cross & Blue Shield v. Janet Freeson's a Place for Us, Inc.*, 985 F.2d 459, 461 (9th Cir. 1993)). "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately the [Supreme Court]." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). However, the statute provides for three exceptions: (1) "*as expressly authorized by Act of Congress*, or [(2)] where necessary in aid of its jurisdiction, or [(3)] to protect or effectuate its judgments." 28 U.S.C. § 2283 (emphasis added).

"[Section] 1983 is an Act of Congress that falls within the expressly authorized exception." *Mitchum v. Foster*, 407 U.S. 225, 243 (1972). However, the Court is obligated to "construe the exceptions to the Anti-Injunction Act narrowly and resolve doubts in favor of letting the state action proceed." *See Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1068 (8th Cir. 1996). Here, Plaintiff has failed to state a plausible § 1983 claim.

### A.  Plaintiff Fails to State a § 1983 Claim

Plaintiff has not stated a § 1983 claim because she has not alleged a plausible constitutional violation. *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997) ("To state a claim for relief under section 1983, the Plaintiffs must plead two essential elements: (1) that the Defendants acted under color of state law; and (2) that the Defendants caused them to be deprived of a right secured by the Constitution and laws of the United States.")

"A procedural[2] due process claim has two elements: deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection." *Krainski*, 606 F.3d at 970.  Plaintiff has alleged neither.

Plaintiff alleges she has a property interest in being the trustee of the Trust. Plaintiff cites no authority for this proposition.  Losing the position of trustee does not carry with it the sort of pursuit-of-a-livelihood concerns that arise in continued employment or maintaining a license. *See Bell v. Burson*, 402 U.S. 535, 539 (1971).  It does not appear that Plaintiff was receiving any compensation as trustee.  The additional expense she is incurring in rent in response to the demands of the temporary trustee is not a consequence of Plaintiff being removed as trustee.[3]  It may be a consequence of the temporary trustee attempting to produce income for the Trust from Trust property, as ordered by the probate court.  The Court does not doubt that Plaintiff may have an

---

[2] Plaintiff does not specify that she is asserting a procedural due process claim as opposed to substantive due process.  However, given the constitutional claim was only raised in response to being denied a trial on the issue of removal, the Court has deduced Plaintiff is attempting to assert a procedural due process claim.  Additionally, Plaintiff does not allege government interference with the type of fundamental right or liberty interest that might implicate substantive due process. *Krainski v. Regents of Nev. Sys. of Higher Educ.*, 606 F.3d 963, 969-70 (9th Cir. 2010).

[3] The Court need not reach the merits of Plaintiff's claims that the residence at issue belongs to her mother's estate or that she was living there indefinitely without paying rent pursuant to a family agreement.

interest in the assets of the Trust and in seeing it managed well as a beneficiary of it, but that does not create a property interest in holding the position of trustee herself.

Assuming Plaintiff had alleged a cognizable property interest, she has also failed to allege she has not been provided adequate procedural protections. Plaintiff has deduced that the state court is not going to allow Plaintiff a trial on the issue of removal. Putting aside whether Plaintiff is entitled to a trial on this issue, it is not clear that is what is happening. This action, and this Motion in particular, was prompted by a probate court minute order indicating the court was going to hear argument on whether to permanently remove Plaintiff as trustee based on a conflict posed by her litigation against the Trust in a related action. Plaintiff also alleges that she filed motions challenging the court's jurisdiction following the minute entry. One was denied and the other set for hearing on May 9, 2016. Plaintiff alleges that this means the court is going to rule against her without a trial, witnesses, or evidence during a case management conference. Based on this record, this Court cannot infer that the denial of a trial or other adequate procedural protections is imminent. Additionally, Plaintiff fails to allege why a state court appeal would not provide an adequate procedural protection.

Plaintiff has labeled this a § 1983 action with constitutional implications to avoid the Anti-Injunction Act's prohibition on enjoining state court proceedings. That "prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts." *Atl. Coast Line R.R. Co.*, 398 U.S. at 287. If a plaintiff could circumvent the independence of the state courts and sidestep all notions of federalism by applying a § 1983 label to every unfavorable act by a state court, it would turn federal courts into courts of appeal for every state court matter, or, as would be the case here, prevent the state courts from addressing the matters before it in the first

instance.[4]  Because no § 1983 claim is stated and no other exceptions apply, the Anti-Injunction Act prohibits enjoining the probate proceedings.  In the alternative, assuming the Anti-Injunction Act exception is satisfied by simply labeling a state court appeal as a § 1983 action, the Court would still decline to intervene in the probate proceedings. *Rizzo v. Goode*, 423 U.S. 362, 379 (1976) (finding "the underlying notions of federalism which Congress has recognized in dealing with the relationships between federal and state courts still have weight" even when one of the exceptions applies)

## II.     Preliminary Injunction

If Plaintiff's claim were not barred by the Anti-Injunction Act and notions of federalism, the Motion would still be denied because Plaintiff has failed to show a likelihood of success on the merits.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).  As discussed above, Plaintiff has failed to state a plausible claim under § 1983.  She has no likelihood of success on the merits.

Additionally, Plaintiff has failed to establish a likelihood of irreparable harm.  "The basis of injunctive relief in the federal courts is irreparable harm and inadequacy of

---

[4] The Court is not finding that there will never be an instance of a state court action giving rise to a constitutional claim that could warrant federal court intervention.  Rather, the Court finds that when no § 1983 constitutional claim is stated and no other exception applies, the Anti-Injunction Act prohibits federal courts from enjoining state court proceedings.

legal remedies." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). Plaintiff claims she faces irreparable injury in being required to pay rent to the Trust and the possibility that real estate held by the Trust may be sold.

The "loss of an interest in real property constitutes irreparable injury." *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1159 (9th Cir. 2011). However, as noted above, it is not Plaintiff's permanent removal as trustee that triggers her obligation to pay rent or that necessitates the sale of real estate held by the Trust. Her obligation to pay rent is dependent on a different state court proceeding concerning ownership of that particular property. And as to the sale of real estate, it is simply a matter of disagreement between a beneficiary of the Trust, Plaintiff, and the temporary trustee, as how best to maintain or build the Trust, given McClain's need for those funds for her care. Plaintiff has failed to establish irreparable harm resulting from her removal as trustee.

The Court need not address the last two factors because Plaintiff has failed to establish the first two.

## CONCLUSION

The Emergency Motion to Enjoin State Court Probate Proceedings is **DENIED**.

**IT IS SO ORDERED.**

Dated:  May 5, 2016

_____
Hon. Roger T. Benitez
United States District Judge